1   K.T. Cherian (Cal. Bar No. 133967)
    Clayton C. James (*pro hac vice* application pending)
2   Srecko Vidmar (Cal. Bar No. 241120)
    Maren J. Clouse (Cal. Bar No. 228726)
3   HOGAN LOVELLS US LLP
    Four Embarcadero Center, 22nd Floor
4   San Francisco, California 94111
    Telephone: (415) 374-2300
5   Facsimile: (415) 374-2499

6   Peter J. O'Rourke (Cal. Bar No. 227164)
    ORACLE CORPORATION
7   500 Oracle Parkway, MS 5OP7
    Redwood Shores, California 94065
8   Telephone: (650) 506-5200
    Facsimile: (650) 506-7114

9

10  Attorneys for Plaintiffs
    ORACLE CORPORATION
    and ORACLE AMERICA, INC.

11

12                  UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                        OAKLAND DIVISION

15  ORACLE CORPORATION, a Delaware          Case No. 11-cv-03549-SBA
    corporation, and ORACLE AMERICA, INC., a
16  Delaware corporation,                   STIPULATED [~~PROPOSED~~]
                                            PROTECTIVE ORDER
17                  Plaintiffs,

18          v.

19  ORG STRUCTURE INNOVATIONS LLC, a        Hon. Saundra Brown Armstrong
    Texas limited liability company, and PAUL
20  MORINVILLE, an individual resident of
    Indiana,
21
                    Defendants.
22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**

1         WHEREAS, certain documents and information have been and may be sought, produced, or
exhibited by and between the Parties relating to the Parties' financial, competitive, personnel, or
other commercially sensitive information that the Party making the production deems confidential;

        WHEREAS, it has been agreed by and among the Parties, through their respective counsel,
that, to expedite discovery and to preserve the confidentiality of certain documents and information,
a protective order should be entered by the Court; and

        WHEREAS, the Court has reviewed the terms and conditions of this Protective Order,

        IT IS HEREBY ORDERED THAT:

**1.**     **Definitions**

    (a)     "Party" means a named Party in this case or in any related case identified in
paragraph 3(a). "Person" means an individual or an entity. "Producer" means a person who
produces information via the discovery process in this case. "Recipient" means a person who
receives information via the discovery process in this case.

    (b)     "Confidential" information is information concerning a person's business operations,
business processes, or product design and development within the scope of Rule 26(c)(1)(G), the
disclosure of which a Party believes in good faith would likely harm that Party's competitive
position, or the disclosure of which would contravene an obligation of confidentiality to a third
person or to a Court.

    (c)     "Highly Confidential" information is information concerning a person's current or
future business or technical trade secrets and plans, pricing data, or non-public financials within the
scope of Rule 26(c)(1)(G), the disclosure of which a Party believes in good faith would likely
significantly harm that Party's competitive position, or the disclosure of which would contravene an
obligation of confidentiality to a third person or to a Court.

    (d)     "Expert" means a person who is retained or specially employed to provide expert
testimony in this case or in any related case identified in paragraph 3(a).

    (e)     "Consultant" means a person who is retained or specially employed to provide
technical or specialized assistance in this case or in any related case identified in paragraph 3(a), but

1

1   who is not expected to and does not testify in this case or in any related case identified in paragraph

2   3(a).

3   **2.      Designation of Information as Confidential or Highly Confidential**

4   (a)      A person's designation of information as Confidential or Highly Confidential means

5   that the person believes in good faith, upon reasonable inquiry, that the information qualifies as

6   such.

7   (b)      A person designates information in a document or thing as Confidential or Highly

8   Confidential by clearly and prominently marking the document or thing, or the electronic medium

9   on which it is produced, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A Producer may

10   make documents or things containing Confidential or Highly Confidential information available for

11   inspection and copying without marking them as confidential without forfeiting a claim of

12   confidentiality, so long as the Producer causes copies of the documents or things to be marked as

13   Confidential or Highly Confidential before providing them to the Recipient.

14   (c)      A person designates information in deposition testimony as Confidential or Highly

15   Confidential by stating on the record at the deposition that the information is Confidential or Highly

16   Confidential or by advising all Parties, the stenographer, and the videographer in writing, within

17   fourteen days after receipt of the final deposition transcript, that the information is Confidential or

18   Highly Confidential. Pages of transcribed deposition testimony or exhibits to depositions that reveal

19   Confidential or Highly Confidential information must be separately bound by the court reporter and

20   may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

21   (d)      A person's failure to designate a document, thing, or testimony as Confidential or

22   Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other

23   document, thing, or testimony.

24   (e)      A person who has designated information as Confidential or Highly Confidential

25   may withdraw the designation by written notification to all Parties in the case.

26   (f)      If a Party disputes a Producer's designation of information as Confidential or Highly

27   Confidential, the Party shall notify the Producer in writing and describe the basis for the dispute,

28   identifying the specific document(s) or thing(s) as to which the designation is disputed and

2

1   proposing a new designation for such materials.  The Party and the Producer shall then meet and

2   confer to attempt to resolve the dispute without the Court's involvement.  The Producer bears the

3   burden of proving that the information is properly designated as Confidential or Highly

4   Confidential, but the information shall remain subject to the Producer's Confidential or Highly

5   Confidential designation until the Court rules on the dispute.  A Party's failure to contest a

6   designation of information as Confidential or Highly Confidential is not an admission that the

7   information was properly designated as such.

8            **3.      Use and Disclosure of Confidential or Highly Confidential Information**

9            (a)      Subject to the restrictions of this Protective Order, Confidential and Highly

10   Confidential information may be used only for purposes of this civil action and the related civil

11   actions: *ORG Structure Innovations LLC v. Oracle Corporation and Oracle America, Inc.*, Case

12   No. 11-cv-3307 (N.D. Ill. filed May 17, 2011) and *Paul Morinville and ORG Structure Innovations*

13   *LLC v. Oracle Corporation and Oracle America, Inc.*, Case No. 11-cv-3307 (W.D. Tex. filed Aug.

14   19, 2011).

15           (b)      Absent written permission from the Producer or further order by the Court, the

16   Recipient may not disclose Confidential information to any person other than the following:

17                          i.      the Court, jury, and court personnel;

18                          ii.      a Party's outside counsel of record, including necessary paralegal, secretarial,

19   and clerical personnel assisting such counsel;

20                          iii.      a Party's in-house counsel;

21                          iv.      court reporters, stenographers and videographers retained to record testimony

22   taken in this action, and their staff;

23                          v.      during his or her deposition, the author, recipient, or custodian of the

24   information; any witness designated to testify on behalf of the Producer pursuant to Federal Rule of

25   Civil Procedure 30(b)(6) with respect to a topic that includes the subject matter of the information;

26   or any other person who otherwise possessed or knew the information;

27

28

PROTECTIVE ORDER
CASE NO. 11-cv-03549-SBA

         vi.     professional jury or trial consultants and mock jurors, provided that each such person has signed the Undertaking annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order;

         vii.     graphics, translation, trial, and e-discovery service persons retained by a Party; provided, however, that each such person has signed the Undertaking annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order; and

         viii.     subject to conditions (A), (B), and (C) below, Experts and Consultants and their staff whom a Party employs for purposes of this litigation.

         (A)     At least ten (10) days before the first disclosure of Confidential or Highly Confidential information to an Expert, the Party proposing to make the disclosure must serve the Producer with a written identification of the Expert and a copy of his or her curriculum vitae.  If the Producer has good cause to object to the disclosure (which does not include challenging the qualifications of the Expert), it must serve the Party proposing to make the disclosure with a written objection within five (5) days after service of the identification.  Unless the parties resolve the dispute within five (5) days after service of the objection, the Producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the Expert without the Court's approval.

         (B)     Confidential information, but not Highly Confidential information or Highly Confidential - Source Code information addressed in paragraph 4, may be disclosed to a Party's Consultants without disclosure of the identity of such Consultants as long as the Consultant is not a past, current, or expected future director, officer, shareholder, investor, owner, manager, principal, partner, or employee of a Party or a Party's competitor.

         (C)     Any Expert or Consultant having access to Confidential, Highly Confidential, or Highly Confidential - Source Code information shall be given a copy of this Protective Order and such Expert or Consultant must agree to be bound by this Protective Order. Before any disclosure of Confidential, Highly Confidential, or Highly Confidential - Source Code information occurs, such Expert or Consultant shall execute the Undertaking attached hereto as Exhibit A.

4

(c)     Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 3(b)(i), (ii), (iv), (v), (vi), (vii), and (viii).

(d)     A Party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 3(b) or 3(c) must first make a reasonable attempt to obtain the Producer's permission.  If the Party is unable to obtain permission, it may move the Court to obtain permission.

**4.     Source Code**

All software produced in this case in the form of readable source code or assembly code shall be subject to the disclosure and dissemination restrictions applicable to the materials designated as Highly Confidential, regardless of whether it is so marked, and shall be subject to the following additional protections given the particularly sensitive nature of source code:

(a)     Any source code shall be deemed to be produced by being made available for inspection, upon written request and with reasonable notice, at the offices of the Producer's outside counsel of record, or at an otherwise mutually agreeable secure location that is reasonably convenient for the Recipient and the Recipient's Experts and/or disclosed Consultants, at a date and time mutually agreed to by the Parties.  The Recipient shall be restricted to a reasonable number of inspections.

(b)     The source code shall be made available for inspection on a stand-alone computer ("the Source Code Computer") in a private room.  The Source Code Computer shall not have access to any networks or other computers, including the Internet, and the Producer shall provide and install tools or programs necessary to view the code produced on the Source Code Computer.

(c)     The Recipient's outside counsel, Experts, and/or disclosed Consultants shall be entitled to take notes relating to the source code but may not copy the source code into the notes. Any notes taken pursuant to this subparagraph by outside counsel, Experts, and/or disclosed Consultants shall be treated as source code for the purposes of disclosure and dissemination, but the notes are not discoverable.  The Recipient shall not copy, remove, transmit, or otherwise transfer any source code from the Source Code Computer, including without limitation copying, removing,

PROTECTIVE ORDER
CASE NO. 11-cv-03549-SBA

1    transmitting, or transferring any source code to any other computers or peripheral equipment.  The

2    Source Code Computer shall always be maintained and secured at the offices of the Producer's

3    outside counsel, under the control of the Producer's outside counsel, or at an otherwise mutually

4    agreeable location that is reasonably convenient for the Recipient and the Recipient's Experts and/or

5    disclosed Consultants where access to the Source Code Computer is under the control of the

6    Producer's outside counsel and subject to the protections outlined in this Protective Order.  Only

7    persons identified in Paragraphs 3(b)(ii) and 3(b)(viii) herein shall have access to the Source Code

8    Computer.

9        (d)    Unless agreed otherwise in advance by the Parties in writing, following each

10    inspection, the Recipient's outside counsel,  Experts, and/or disclosed Consultants shall remove all

11    notes, documents, laptops, and other materials from the room that may contain work product and/or

12    attorney-client privileged information.  The Producer shall not be responsible for the physical safety

13    of any items left in the room following each inspection session; however, nothing in this paragraph

14    overrides the Producer's ethical obligations with respect to such materials.

15        (e)    Following inspection, the Recipient may identify limited relevant portions of the

16    source code that the Recipient deems reasonably necessary to prepare its case.  The Producer shall

17    produce within seven (7) days a paper copy of the limited relevant portions of the source code

18    identified by the Recipient directly to the Recipient's outside counsel of record, and the paper copy

19    shall be marked "HIGHLY CONFIDENTIAL - SOURCE CODE."  The parties may, at a later date,

20    agree in writing to alternate production arrangements.

21        (f)    The Recipient's outside counsel of record shall maintain and store the paper copy of

22    the source code at their offices in a secure manner that prevents duplication of or unauthorized

23    access to the source code including, for example, storing the source code in a locked room or

24    cabinet at all times when it is not in use.  Experts and Consultants shall not retain or store any copies

25    of source code.

26        (g)    The Recipient may not create electronic images of the source code from the paper

27    copy (e.g., may not scan the source code to a .pdf file) except that the Recipient may create an

28    electronic copy or image of selected portions of the source code only when reasonably necessary to

accomplish any filing with the Court or to serve any pleadings or other papers on any other Party (including expert reports).  Images or copies of source code shall not be included in correspondence between Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

(h)     The Recipient's outside counsel may make no more than three (3) additional paper copies of the source code, which shall be maintained in the manner set forth in subsection (f) above. Notwithstanding this restriction, additional copies may be made as reasonably necessary for the preparation of pleadings or other Court filings, exhibits, expert reports, discovery documents, depositions, and other Court documents.

(i)     Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Highly Confidential - Source Code information to any person other than those identified in paragraph 3(b)(i), (ii), (iv), (v), (vi), (vii), and (viii).

(j)     Highly Confidential - Source Code information may not be disclosed to a Party's Consultants without disclosure of the identity of such Consultants in the manner set forth in Section 3(b)(viii)(A).

(k)     Highly Confidential - Source Code information may not be disclosed to a past, current, or expected future director, officer, shareholder, investor, owner, manager, principal, partner, or employee of a Party or a Party's competitor.

(l)     A Party who wishes to disclose Highly Confidential - Source Code information to a person not identified in paragraph 3(b)(i), (ii), (iv), (v), (vi), (vii), and (viii) must first make a reasonable attempt to obtain the Producer's permission.  If the Party is unable to obtain permission, it may move the Court to obtain permission.

(m)     The Recipient may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition, other Court document, or any drafts of these documents ("Source Code Documents").  The Recipient shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.  As an example, excerpts of approximately 25 to 40 lines in length would be allowed.

7

(n)     To the extent portions of source code are quoted in a Source Code Document, either (i) the entire document will be marked "HIGHLY CONFIDENTIAL - SOURCE CODE" or (ii) those pages containing quoted source code will be separately bound and marked "HIGHLY CONFIDENTIAL - SOURCE CODE."  Notwithstanding anything in this Protective Order, Source Code Documents shall not be filed in the public record.  All Source Code Documents filed must be filed under seal, if the Court grants leave to do so.

(o)     All paper copies containing source code shall be securely destroyed if they are no longer necessary to the litigation.  Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record shall identify the exhibit by its production number(s).

(p)     The Recipient may not copy source code onto any form of electronic media, including without limitation, hard drives, removable electronic media (such as diskettes, CD-ROM, DVD, PC card, flash media, etc.), or network servers, except (i) to the extent loaded into RAM or virtual RAM as required by a computer's operating system for viewing or analysis purposes, (ii) to the extent necessary to create a Source Code Document, or (iii) as otherwise expressly provided herein.

(q)     Source code may not be transported or transmitted electronically over a network of any kind, including over a local area network (LAN), intranet, or the Internet.  Nothing in this Protective Order shall obligate the Parties to produce any source code or act as an admission that any particular source code is discoverable.

**5.     Prosecution Bar**

From the date of the entry of this Protective Order, until eighteen (18) months after a final, non-appealable judgment or order or the complete settlement of all claims asserted against all Parties in this litigation, any attorney who is outside counsel or any patent agent, Expert, or Consultant subject to this Protective Order who obtains, receives or otherwise learns technical information of a Party that is designated as Confidential, Highly Confidential, or Highly Confidential - Source Code information shall not participate, directly or indirectly, in the acquisition, preparation, or prosecution of the patents-in-suit or of any patent or patent application,

8

1   whether new or currently pending, that is reasonably related to the patents-in-suit or the subject

2   matter thereof before any foreign or domestic agency, including the United States Patent and

3   Trademark Office.  For purposes of this paragraph, "prosecution" includes directly or indirectly

4   drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.

5   Nothing in this Protective Order shall prevent or preclude other attorneys or patent agents in the law

6   firms representing the parties in this action who have not been exposed to or otherwise seen,

7   reviewed, discussed, or accessed any materials, testimony or information designated hereunder as

8   Confidential, Highly Confidential, or Highly Confidential - Source Code information from

9   participating, directly or indirectly, in the activities described above.  Moreover, nothing in this

10  Protective Order shall prevent or preclude an attorney having access to such information from

11  serving as billing or client attorney on matters involving the activities described above and being

12  handled by other attorneys or patent agents in such attorney's firm, so long as such attorney does not

13  otherwise participate substantively in the proscribed activities.

14          **6.      Inadvertent Failure to Designate**

15          An inadvertent failure to designate qualified information, documents, or things as

16  Confidential, Highly Confidential, or Highly Confidential - Source Code does not, standing alone,

17  waive the Producer's right to secure protection under this Order.  Upon discovery of an inadvertent

18  failure to designate, the Producer may notify the Recipient in writing that it is designating such

19  material as Confidential, Highly Confidential, or Highly Confidential - Source Code.  Upon receipt

20  of such notice, the Recipient shall make all reasonable efforts to ensure that the material is treated in

21  accordance with the terms of this Order, subject to the right to challenge the propriety of such

22  designation(s).  The Producer shall provide substitute copies of documents bearing the

23  confidentiality designation.  The Recipient shall also make all reasonable efforts to retrieve any

24  documents from anyone who had received the documents before the Recipient was notified of the

25  inadvertent failure to designate and who is no longer permitted to access the documents under the

26  new designation.

27

28

9

### 7.      Filing with the Court and Use in Proceedings

(a)      This Protective Order does not, by itself, authorize the filing of any document under seal.  No document may be filed under seal without prior leave of court.  A Party wishing to file under seal a document containing Confidential, Highly Confidential, or Highly Confidential - Source Code information must move the Court for permission to file the document under seal before the document's due date and consistent with Local Rules 79-5 and 7-11.  If a Party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public-record version that excludes any Confidential, Highly Confidential, or Highly Confidential - Source Code information.

(b)      If a Party wishes to file in the public record a document that another Producer has designated as Confidential, Highly Confidential, or Highly Confidential - Source Code, the Party must advise the Producer of the document no later than five (5) business days before the document is due to be filed, so that the Producer may move the Court to require the document to be filed under seal.

(c)      Persons not permitted access to Confidential, Highly Confidential, or Highly Confidential - Source Code information under the terms of this Protective Order shall not be present at depositions while such information is discussed or otherwise disclosed.  Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect such information from disclosure to unauthorized persons.

### 8.      Non-Party Use of This Protective Order

A non-party producing material voluntarily or pursuant to a subpoena or a court order may designate such material in the same manner and shall receive the same level of protection under this Protective Order as any Party to this lawsuit.  Non-parties shall use reasonable care when designating documents or information as Confidential or Highly Confidential.  Nothing in this Order shall prevent a Recipient from objecting to such designation.

### 9.      Document Disposal

Upon the conclusion of this case, each Party must return to the Producer all documents and copies of documents containing the Producer's Confidential, Highly Confidential, or Highly

10

1    Confidential - Source Code information, and must destroy all notes, memoranda, or other materials

2    derived from or in any way revealing such information.  Alternatively, if the Producer agrees, the

3    Party may destroy all documents and copies of documents containing the Producer's Confidential,

4    Highly Confidential, or Highly Confidential - Source Code information.  The Party returning and/or

5    destroying such information must promptly certify in writing its compliance with the requirements

6    of this paragraph.  Notwithstanding the requirements of this paragraph, a Party and its counsel may

7    retain one complete set of all documents filed with the Court, remaining subject to all requirements

8    of this Protective Order.  Nothing in this Protective Order shall diminish or excuse any existing

9    obligation or right with respect to designated material.

10           **10.      Originals**

11           A legible photocopy of a document may be used as the "original" for all purposes in this

12    action.  The actual "original," in whatever form the Producer has it, must be made available to any

13    other Party within ten (10) days after a written request.

14           **11.      Survival of Obligations**

15           This Protective Order's obligations shall survive the conclusion of this case.

16

17    IT IS SO STIPULATED AND AGREED.

18

19    Dated:  October 19, 2011                    HOGAN LOVELLS US LLP

20                                                By: _/s/ Maren J. Clouse_

21                                                     Maren J. Clouse

22                                                Attorneys for Plaintiffs
                                                 ORACLE CORPORATION
23                                                and ORACLE AMERICA, INC.

24

25

26

27

28

                                                11

Dated:  October 19, 2011                    FARNEY DANIELS LLP

                                            By:  */s/ Steven R. Daniels*
                                                 Steven R. Daniels

                                            800 South Austin Avenue, Suite 200
                                            Georgetown, Texas 78626

                                            Attorneys for Defendants
                                            ORG STRUCTURE INNOVATIONS LLC
                                            and PAUL MORINVILLE

IT IS SO ORDERED.

DATED:  _October 24_, 2011

                                            _Jacqueline S. Corley_____

                                            ~~THE HONORABLE SAUNDRA BROWN ARMSTRONG~~

                                                   ~~United States District Judge~~
                                                 Jacqueline Scott Corley
                                            United States Magistrate Judge

I, Maren J. Clouse, attest that Steven R. Daniels has read and approved this Stipulated [Proposed]
Protective Order and consents to its filing in this action.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

1

PROTECTIVE ORDER
CASE NO. 11-cv-03549-SBA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, and ORACLE AMERICA, INC., a Delaware corporation, | Case No. 11-cv-03549-SBA |
| Plaintiffs, | **UNDERTAKING OF [INSERT NAME]** |
| v. | |
| ORG STRUCTURE INNOVATIONS LLC, a Texas limited liability company, and PAUL MORINVILLE, an individual resident of Indiana, | |
| Defendants. | Hon. Saundra Brown Armstrong |

I, [insert name], state the following under penalties of perjury as provided by law:

I have been retained by [insert Party's name] as an expert or consultant in connection with this case. I will be receiving material that is covered by the Court's Protective Order dated [fill in date]. I have read the Court's protective order and understand that the information I receive is provided pursuant to the terms and conditions in that Order.

I agree to be bound by the Court's Protective Order. I agree to use the information provided to me solely for the purposes of this case. I understand that neither the information nor any notes concerning that information may be disclosed to anyone who is not bound by the Court's Protective Order. I agree to return the information provided to me and any notes concerning that information to the attorney for [insert name of retaining Party] or to destroy the information and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that court.

PROTECTIVE ORDER
CASE NO. 11-cv-03549-SBA

1

2
_____

3
(signature)

4

5
Subscribed and sworn to before me this _____ day of _____, 20___.

6

7
_____

8
Notary Public

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3