K.T. Cherian (Cal. Bar No. 133967)
Clayton C. James (admitted *pro hac vice*)
Srecko Vidmar (Cal. Bar No. 241120)
Maren J. Clouse (Cal. Bar No. 228726)
HOGAN LOVELLS US LLP
Four Embarcadero Center, 22nd Floor
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

Peter J. O'Rourke (Cal. Bar No. 227164)
ORACLE CORPORATION
500 Oracle Parkway, MS 5OP7
Redwood Shores, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114

Attorneys for Plaintiffs
ORACLE CORPORATION
and ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, and ORACLE AMERICA, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ORG STRUCTURE INNOVATIONS LLC, a Texas limited liability company, and PAUL MORINVILLE, an individual resident of Indiana,<br><br>Defendants. | Case No. 11-cv-03549-SBA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: July 24, 2012<br>Time: 1:00 p.m.<br>Courtroom: 1, 4th Floor<br><br>Hon. Saundra Brown Armstrong<br><br>**(REDACTED PUBLIC VERSION)** |

| | | |
|---|---|---|
| 1 | PAUL V. MORINVILLE and ORG STRUCTURE INNOVATIONS LLC, | Case No. 12-cv-00297-SBA |
| 2 | | |
| 3 | Plaintiffs, | |
| 4 | v. | |
| 5 | ORACLE CORPORATION and ORACLE AMERICA, INC., | |
| 6 | Defendants. | |
| 7 | | |
| 8 | ORG STRUCTURE INNOVATIONS LLC, | Case No. 12-cv-00348-SBA |
| 9 | Plaintiff, | |
| 10 | v. | |
| 11 | ORACLE CORPORATION and ORACLE AMERICA, INC., | |
| 12 | | |
| 13 | Defendants. | |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT;
CASE NOS. 11-cv-03549-SBA, 12-cv-00297-SBA; 12-cv-00348-SBA

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Court's Order Re Case Management Conference (Dkt. 111), ORG Structure Innovations LLC ("ORG Structure"), Paul Morinville ("Morinville"), Oracle Corporation and Oracle America, Inc. ("Oracle") hereby submit this Joint Case Management Statement and Report for the related cases: *ORG Structure Innovations, LLC v. Oracle Corporation and Oracle America, Inc.*, Case No. 12-cv-00348, *Oracle Corporation and Oracle America, Inc. v. ORG Structure Innovations, LLC and Paul Morinville*, Case No. 11-cv-03549, and *Paul Morinville and ORG Structure Innovations, LLC v. Oracle Corporation and Oracle America, Inc.*, Case No. 12-cv-00297. The parties have filed a joint stipulation seeking consolidation of these three related cases and have requested that the consolidated action be styled as *In re Oracle/ORG Structure Litigation*, Case No. 11-cv-03549-SBA. Because the stipulation seeking consolidation is pending, the parties file this Joint Case Management Statement and Report in each of the three actions identified above.

**1.      JURISDICTION AND SERVICE**

ORG Structure's Complaint in the matter 12-cv-00348-SBA, which was transferred from the Northern District of Illinois (the "Illinois Action"), invokes the Court's jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). That case is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. All parties have been served, and no defendant objected to this Court's personal jurisdiction. On June 15, 2012, Oracle filed a motion to dismiss ORG Structure's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Oracle's Complaint in the matter 11-cv-03549-SBA invokes this Court's jurisdiction under 28 U.S.C. § 1332. Oracle, a Delaware corporation with its principal place of business in California, alleges claims for breach of contract and breach of the covenant of good faith and fair dealing against ORG Structure, a Texas corporation with its principal place of business in that state, and Morinville, an Indiana resident. All parties have been served. ORG Structure and Morinville filed motions to dismiss, which were denied by the Court in its Order Denying Motions to Dismiss dated March 30, 2012. (Dkt. 101.) No defendant objected to this Court's personal jurisdiction.

Morinville and ORG Structure's Complaint in the matter 12-cv-00297, which was transferred from the Western District of Texas (the "Texas Action"), invoked the Court's jurisdiction over their declaratory judgment claims under 28 U.S.C. § 2201 (The Declaratory Judgment Act) and over the claims for breach of contract, fraud, fraudulent inducement, and breach of the covenant of good faith and fair dealing under 28 U.S.C. 1332.  All parties have been served.

## 2. **FACTS**

These three related cases involve assertions of three patents (the "patents-in-suit") owned by ORG Structure and assigned to it by Paul Morinville.  The patents-in-suit are the subject of a License Agreement (the "Agreement") between Mr. Morinville and a company called Bridgestream, Inc. that was acquired by Oracle.  ORG Structure alleges that certain Oracle products infringe the patents-in-suit.  Oracle contends that by filing suit against Oracle, both ORG Structure and Morinville breached the terms of the Agreement.

*ORG Structure's Statement:*

ORG Structure is the owner of the three patents at issue, referred to herein as the "patents-in-suit."  Oracle has infringed and continues to infringe the three patents-in-suit by making, using, importing, selling, and/or offering for sale in the United States a number of computer software products that practice the claims of the patents-in-suit.  On March 17, 2011, Morinville assigned the patents-in-suit to ORG Structure, a Texas-based limited liability company in which Morinville has no ownership interest and holds no management or controlling position of any kind.  On May 17, 2011, ORG Structure filed a complaint for patent infringement against Oracle in the United States District Court for the Northern District of Illinois.

[redacted]

1
2
3
4
5

6       In its Complaint filed in the Illinois Action, ORG Structure did not accuse or plead damages
7 related to any product licensed under the Agreement.  Nonetheless, Oracle filed its Complaint in the
8 present lawsuit, alleging that ORG Structure's lawsuit was in breach of the Agreement.  Although it
9 was clear that ORG Structure did not seek to accuse products covered by the Agreement, to
10 eliminate any possibility for ambiguity, ORG Structure filed an amended complaint in the Illinois
11 Action on August 1, 2011, making it explicitly clear that ORG Structure was not alleging
12 infringement with respect to any products covered by the Agreement.  Thus, the Illinois Action on
13 its face is not in breach of the Agreement.  Oracle has acted in bad faith to deprive Morinville and
14 his successor-in-interest to the Agreement of the benefits of the Agreement, thereby violating the
15 covenant of good faith and fair dealing.

16       *Morinville's Statement:*

17       Morinville joins in the statement of facts of ORG Structure, appearing above.

18
19
20
21
22
23
24
25
26
27
28

3
JOINT CASE MANAGEMENT CONFERENCE STATEMENT;
CASE NOS. 11-cv-03549-SBA, 12-cv-00297-SBA; 12-cv-00348-SBA



Thus, if there had been a breach of the Agreement by Morinville, Oracle acted with intent to defraud Morinville and fraudulently induce Morinville to enter into the Agreement in exchange for a royalty payment that is drastically inadequate to compensate Morinville for the scope of the license Oracle intended to claim. In addition, by filing its Complaint against Morinville, Oracle publicly disclosed confidential information regarding the terms of the Agreement, thereby breaching the Agreement's confidentiality provision.

Morinville did not direct or initiate the filing of ORG Structure's suit against Oracle, nor does Morinville have any right to control the prosecution of the lawsuit. Morinville has no interest in or control over ORG Structure or its activities. Therefore, Morinville has engaged in no conduct that could be deemed to be a breach of the Agreement, even if a breach had occurred.

*Oracle's Statement:*

1  ██████████████████████████████████████████████████
2  ██████████████████████████████████████  Two months after ORG
3  Structure's formation and the assignment of the patents-in-suit, ORG Structure sued Oracle for
4  patent infringement in the Northern District of Illinois (the "Illinois Action").  Oracle filed a Motion
5  to Transfer the Illinois Action to the Northern District of California pursuant to 28 U.S.C. § 1404,
6  which the court granted on September 22, 2011.

7  With respect to the Illinois Action, transferred to this Court and re-styled as Case No. 12-cv-
8  00348, Oracle contends that the patents at issue in that case do not claim patentable subject matter
9  under 35 U.S.C. § 101.  Oracle filed a motion to dismiss on that ground in the Northern District of
10 Illinois and has renewed that motion in this action.  Oracle has not filed any other response but,
11 should this Court not dismiss the claims, Oracle anticipates filing an answer denying liability on the
12 basis that its products do not infringe any valid claim of the patents-in-suit and that those patents are
13 invalid under 35 U.S.C §§ 101, 102, 103 and 112, and stating affirmative defenses.  Oracle further
14 contends that some or all of the products accused by ORG Structure are licensed or subject to
15 covenants not to sue under the Agreement.

16 **3.      LEGAL ISSUES**

17 As described above, ORG Structure asserts that Oracle infringes three United States patents
18 held by ORG Structure.  Oracle has moved to dismiss ORG Structure's claims under Federal Rule
19 of Civil Procedure 12(b)(6), arguing that the patents claim no patent-eligible subject matter under 35
20 U.S.C. § 101 and therefore the Complaint fails to state a claim for which relief can be granted.
21 (Dkt. No. 91 in 12-cv-00348).  ORG Structure will file an opposition to Oracle's motion to dismiss
22 in accordance with Civil Local Rule 7.

23 Further, Oracle asserts causes of action against ORG Structure and Morinville for breach of
24 contract and breach of the covenant of good faith and fair dealing.  Morinville and ORG Structure
25 assert causes of action for breach of contract, fraud, fraudulent inducement and breach of the
26 covenant of good faith and fair dealing.

### 4. MOTIONS

In addition to the unresolved motion to dismiss identified above, there has been motion practice concerning whether Oracle's Complaint should be filed under seal. Oracle's Motion for Reconsideration of Docket No. 10, filed on August 29, 2011, asks the Court to unseal Oracle's Complaint on the grounds that no compelling reasons require the sealing of any portion of the Complaint. That motion is fully briefed and awaits the Court's decision. (Dkt. No. 39 in 11-cv-03549).

The Texas Action was transferred to this Court pursuant to Oracle's Motion to Dismiss and Unopposed Alternative Motion to Transfer in the matter 12-cv-00297. Oracle has not filed an answer or other response in that case, pursuant to an agreement between the parties. As the resolution of Oracle's Motion for Reconsideration of Docket No. 10 asking the Court to unseal Oracle's complaint may have a practical impact on the scope of the claims in the Texas Action, the parties propose that Oracle shall not be required to respond to that Complaint until twenty-one (21) days after the Court's resolution of that motion.

No other motions are contemplated at this time.

### 5. AMENDMENT OF PLEADINGS

Oracle does not plan to amend its Complaint.

ORG Structure and Morinville t answered Oracle's Complaint on April 25, 2012. ORG Structure does not anticipate further amending its Complaint originally filed in the Illinois Action. ORG Structure and Morinville do not anticipate amending the Complaint originally filed in the Texas action.

The parties propose that the deadline for amending pleadings shall be July 1, 2012.

### 6. EVIDENCE PRESERVATION

The parties have taken and are taking appropriate steps to ensure the preservation of evidence related to the matters alleged in the Complaint, including preventing automated or manual destruction of electronic records and other documents.

1  **7.      DISCLOSURES**

2       The parties have served their Initial Disclosures, pursuant to and without variation from

3  Federal Rule of Civil Procedure 26(a)(1), in the matters No. 11-cv-03549 and No. 12-cv-00348 and

4  agree that there is no need for additional Initial Disclosures in the consolidated action.

5  **8.      DISCOVERY**

6       Discovery has begun in the matter No. 11-cv-03549 and the parties have met and conferred

7  under Federal Rule of Civil Procedure 26(f) in the two related cases.  The parties' proposed

8  discovery plan is as follows:

9       **(a)  Subject Areas**

10      The parties expect to conduct discovery in the following areas:

11      1.   Operation of Oracle's products accused of patent infringement;

12      2.   The conception and reduction to practice of the inventions of the patents-in-suit;

13      3.   The construction of claim terms of the patents-in-suit;

14      4.   Costs, revenues, and profits associated with the accused Oracle products;

15      5.   Prior art to the patents-in-suit;

16      6.   Any indicia of non-obviousness of the inventions claimed in the patents-in-suit;

17      7.   Information regarding any Oracle apparatus, product, device, process, method, act or other instrumentality that practices any claim of any of the patents-in-suit;

18      8.   The construction of claims of the patents-in-suit;

19      9.   The prosecution of the patents-in-suit;

20      10.  Oracle's knowledge of the patents-in-suit prior to May 17, 2011 and any diligence by Oracle with respect to the alleged infringing conduct;

21      11.  The formation and performance of the Agreement;

22      12.  The formation, ownership, and operation of ORG Structure;

23      13.  Agreements between or among the parties, including without limitation any agreements between Morinville, ORG Structure and/or ORG Structure's owners or managers; Morinville's interest in, control over, or other interaction with ORG Structure; and ORG Structure and/or Morinville's assertion of the patents at issue in the Illinois Action against Oracle, including the Defendants' participation in the decision to sue Oracle for patent infringement;

14. Oracle's dealings with Bridgestream regarding the Agreement; the scope of the license and covenant with respect to the patents-in-suit; Oracle's acquisition of Bridgestream; the dissolution of Bridgestream; Oracle's alleged control over Bridgestream via Oracle's voting rights; Oracle's alleged acquisition of the Bridgestream license;

15. Oracle's participation in Bridgestream's dealings with Morinville regarding the Agreement; and

16. Oracle's alleged damages due to the alleged breach of contract by ORG Structure and Morinville.

**(b) Confidential Information Including Source Code**

The parties agree that some discoverable documents are likely to contain confidential business information. Therefore, the parties agree that the production and use of documents containing confidential information should be made pursuant to a protective order. The Court entered a Protective Order in the matter No. 11-cv-03549 on October 24, 2012 and the parties agree to be bound by that protective order for purposes of the consolidated action.

**(c) Discovery Limits**

Depositions pursuant to Federal Rule of Civil Procedure 30(b)(1) shall be limited to 20 depositions per side in the absence of leave from the Court, not including expert and third party witnesses. Depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) shall be limited to 80 hours per side in the absence of leave from the Court. Notwithstanding this agreement, each party reserves the right to seek leave to notice additional depositions if the party seeking the additional deposition(s) believes in good faith that the sought-after discovery is necessary for the preparation of its case.

Interrogatories shall be limited to 40 per party.

The parties accept the default limitations for requests for production and requests for admission under Federal Rules of Civil Procedure 34 and 36 respectively, and those limits shall apply on a "per side" basis.

**(d) Electronically Stored Information**

The parties agree to produce electronically stored information on DVDs or other equivalent media, either as .pdf or .tif images. Whenever practicable, the parties will produce electronic copies of documents rather than paper copies. If electronically stored information is produced as Bates-

numbered .pdf or .tif images, the producing party will provide load files so that the images may be loaded into a document production or review database. The parties shall have no obligation to produce documents in native format, except that the discovering party may request that a document initially produced in non-native format be produced in native format, upon a showing of particularized need.

 The parties have been instructed by their respective attorneys to preserve all records relevant to this case, including electronic documents. The parties shall not be required to preserve or search information in data sources that are not reasonably accessible, including back-up tapes, disaster recovery systems, offline archives, and data sources that are not used for normal business operations and/or require unreasonable expense or burden to search and produce.

 The parties shall not be required to preserve, search for, or produce voice-mails, instant messages, or mobile phone text messages. E-mail discovery shall be limited to those identified custodians and potential custodians affiliated with a party whom each party believes in good faith are likely to have discoverable information directly related to the claims and defenses in this action. Plaintiffs, collectively, and Defendants, collectively, are each limited to the identification of twelve such custodians.

  **(e) Discovery From Expert Consultants**

 1. A testifying expert shall not be subject to discovery of any draft of his or her report, outlines for draft reports, draft declarations, draft affidavits, and notes, in this case or other cases, and such draft reports, outlines for draft reports, declarations, affidavits, and notes are also exempt from discovery.

 2. Discovery of material provided to testifying experts by a party or its attorneys shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, trial or deposition testimony, or any opinion in this case.

3. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in forming opinions that are presented in reports or trial or deposition testimony in this case. In the event this exception applies, disclosure of such communications will not be deemed a waiver of privilege or other applicable immunity from discovery with regard to any other communications between counsel and the expert.

4. Material, communications, and other information exempt from discovery under the foregoing paragraphs shall be treated as attorney work product.

**(f)  Privilege and Inadvertent Disclosure**

Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502. Specifically, inadvertent disclosure of material protected by the attorney-client privilege or the work product doctrine shall not constitute a waiver of applicable privilege in this case or in any other federal or state proceeding. Upon request by the producer, the recipient shall immediately return or destroy any and all copies of such inadvertently produced document(s), including retrieving and returning or destroying any and all copies distributed to others (e.g., experts, consultants, vendors). Nothing herein shall prevent the recipient from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court. Communications between a party and its attorneys occurring after the filing date of the Illinois Action shall be deemed privileged, and the parties shall have no obligation to maintain a privilege log with respect to such post-filing communications.

**(g)  Use of Documents Produced in Related Cases**

Documents produced in the related cases prior to consolidation shall be treated as if they had been produced in discovery in this action and need not be produced separately in this action.

**9.  CLASS ACTIONS**

This is not a class action.

**10.  RELATED CASES**

This Joint Case Management Statement is submitted with respect to three actions that have

10

been identified by the Court as related and that the parties have asked to be consolidated in one action.  The first case, *ORG Structure Innovations LLC v. Oracle Corporation and Oracle America, Inc.*, Case No. 11-cv-3307 (N.D. Ill. filed May 17, 2011), was transferred to this district and re-styled as 12-cv-00348.  It is the first-filed case, brought by ORG Structure accusing Oracle of patent infringement.

The second case, *Oracle Corporation and Oracle America, Inc. v. ORG Structure Innovations, LLC and Paul Morinville*, 11-cv-03549, was filed in this district by Oracle, alleging claims for breach of contract and breach of the covenant of good faith and fair dealing.

The third related case, *Paul Morinville and ORG Structure Innovations LLC v. Oracle Corporation and Oracle America, Inc.*, Case No. 11-cv-00689 (W.D. Tex. filed Aug. 9, 2011), was transferred from the Western District of Texas and re-styled as Case No. 12-cv-00297.  It is an action by Morinville and ORG Structure seeking a declaratory judgment that they have not breached the Agreement and have not breached the covenant of good faith and fair dealing, and accusing Oracle of breaching the Agreement's confidentiality provision and covenant of good faith and fair dealing and of fraud and fraudulent inducement while negotiating the Agreement.

## 11. **RELIEF**

*Oracle's Statement:*

Oracle seeks damages resulting from Defendants' breach of the Agreement.  By suing Oracle for patent infringement in the Illinois Action, Defendants violated the Agreement's license provisions and covenant not to sue and have deprived Oracle of the value of the Agreement. Oracle's damages include, but are not necessarily limited to:  attorneys' fees and costs resulting from defense of the patent infringement action, which are ongoing; attorneys' fees and costs resulting from prosecution of this action to enforce the Agreement, which are ongoing; the diminution in value of the protections of the license and covenants applicable to Oracle and its affiliates; license fees or other consideration paid by Bridgestream and/or Oracle pursuant to the Agreement; and such other relief as may be just and appropriate, including injunctive and other equitable relief.

*ORG Structure's Statement:*

ORG Structure seeks a judgment that Oracle has infringed each of the patents-in-suit, and seeks an award of damages sufficient to compensate it for Oracle's infringement. ORG Structure requests that the damages awarded to it for Oracle's infringement include interest. ORG Structure also seeks a judgment that Oracle's infringement has been and continues to be willful, and an award of enhanced damages for such willfulness. With respect to Oracle's infringement, ORG Structure also seeks a finding that the case is exceptional and an award of attorneys fees, costs, and expenses. With respect to Oracle's claims against ORG Structure, ORG Structure requests a judgment that ORG Structure has not breached the Agreement. If the Court finds reason not to enter judgment that ORG Structure has not breached the Agreement, ORG Structure seeks, in the alternative, a judgment that Oracle fraudulently induced Morinville to enter into the agreement and that Oracle committed fraud in the negotiation of the Agreement. ORG Structure also seeks judgment that Oracle has breached the confidentiality provision in the Agreement. ORG Structure seeks an award of damages sufficient to compensate it for Oracle's unlawful conduct in negotiating the Agreement and breaching the confidentiality provision of the Agreement, as well as such other legal and equitable relief as the Court finds just and appropriate, including an award of attorneys' fees if its motion to dismiss is granted.

*Morinville's Statement:*

Morinville seeks judgment against Oracle that Oracle's Complaint be dismissed for failure to state a claim on which relief can be granted. Morinville also seeks judgment against Oracle that Oracle's Complaint be dismissed because Oracle lacks standing. In the event that the Court does not dismiss Oracle's Complaint with prejudice, Morinville requests a judgment that Morinville has not breached the Agreement. If the Court finds reason not to enter judgment that Morinville has not breached the Agreement, Morinville seeks, in the alternative, a judgment that Oracle fraudulently induced Morinville to enter into the agreement and that Oracle committed fraud in the negotiation of the Agreement. Morinville also seeks judgment that Oracle has breached the confidentiality provision in the Agreement. Morinville further seeks an award of damages sufficient to compensate him for Oracle's unlawful conduct in negotiating the Agreement and filing the present lawsuit, and

an award of attorneys' fees, costs, and expenses in this action, as well as such other legal and equitable relief as the Court finds just and appropriate.

**12. <u>SETTLEMENT AND ADR</u>**

The parties believe that this action is appropriate for private mediation. The parties have selected Randall W. Wulff, Esq. of Wulff Quinby Sochynsky as a private mediator and have scheduled mediation for August 20, 2012.

*Oracle's Statement:*

Oracle believes that discovery regarding the formation, operation, and ownership of ORG Structure, and Morinville's relationship thereto and participation in the Illinois Action, will be key to positioning the parties to negotiate a resolution.

*Defendants' Statement:*

Defendants believe that at a minimum, discovery regarding Oracle's dealings with Bridgestream regarding the negotiation of the Agreement, the scope of the license and covenant of the Agreement, and Oracle's good faith in bringing the present lawsuit, will be key to positioning the parties to negotiate a resolution.

**13. <u>CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES</u>**

Oracle declines to consent to have a Magistrate Judge conduct all further proceedings.

ORG Structure and Morinville consent to have a Magistrate Judge conduct all further proceedings.

**14. <u>OTHER REFERENCES</u>**

The parties do not believe referral of these actions to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation is indicated or appropriate.

**15. <u>NARROWING OF ISSUES</u>**

At this point, without benefit of discovery, the parties believe it is premature to narrow issues for resolution or presentation at trial.

**16. <u>EXPEDITED SCHEDULE</u>**

Oracle has re-noticed the motion to dismiss that was pending in the Illinois Action and respectfully suggests that it should be addressed on an expedited basis, as it may potentially dispose

of the entirety of the Illinois Action.  With that exception, the parties do not believe that this action presents issues that can or should be handled on an expedited basis.

**17.  <u>SCHEDULING</u>**

The parties propose the following schedule, subject to the Court's rulings on the pending motions to dismiss.

| | |
|---|---|
| Disclosure of asserted claims and infringement contentions and accompanying document production: | June 5, 2012 |
| Invalidity contentions and accompanying document production: | August 3, 2012 |
| Exchange of proposed claim terms for construction | August 17, 2012 |
| Exchange of preliminary claim constructions and extrinsic evidence: | September 7, 2012 |
| Joint claim construction and prehearing statement: | October 2, 2012 |
| Completion of claim construction discovery: | November 1, 2012 |
| Opening claim construction brief by ORG Structure: | November 16, 2012 |
| Responsive claim construction brief by Oracle: | December 4, 2012 |
| Reply brief on claim construction by ORG Structure: | December 12, 2012 |
| Claim construction hearing (subject to convenience of the Court): | January ___, 2013 |
| Close of fact discovery: | April 30, 2013 |
| Last day for party with burden of proof to submit expert reports: | June 3, 2013 |
| Rebuttal expert reports: | July 1, 2013 |
| Close of expert discovery: | July 31, 2013 |
| Last day to file motions for summary judgment: | August 23, 2013 |
| Oppositions to motions for summary judgment: | September 13, 2013 |
| Replies in support of motions for summary judgment: | September 23, 2013 |
| Hearing on motions for summary judgment: | October 30, 2013 |

| | | |
|---|---|---|
| 1 | Pre-trial conference: | December 11, 2013 |
| 2 | Trial: | January 6, 2014 |

**18.   TRIAL**

Each party has demanded a trial by jury of all issues so triable.  The parties estimate that trial will last approximately 10 days.

**19.   DISCLOSURE OF NONPARTY INTERESTED ENTITIES OR PERSONS**

Oracle filed its Certification of Interested Parties or Entities on October 5, 2011.  (Dkt. No. 63.)  As Oracle stated in that Certification, Oracle Corporation has no parent corporation.  Oracle America, Inc. is a wholly owned subsidiary of Oracle Corporation.  According to Oracle Corporation's Proxy Statement filed with the United States Securities and Exchange Commission on August 26, 2011, Lawrence J. Ellison is the only known beneficial owner of more than 5% of Oracle Corporation's outstanding common stock.

ORG Structure filed its Certification of Interested Parties or Entities and its Corporate Disclosure Statement on October 5, 2011.  (Dkt. Nos. 61, 64.)  Morinville filed his Certification of Interested Parties or Entities on October 5, 2011.  (Dkt. No. 60.)  Defendant Morinville is a private citizen and Defendant ORG Structure is a limited liability company; neither defendant has a parent corporation or a publicly traded corporation that owns more than 10% of its stock.

At this point, the parties are unaware of any person or entity other than the named parties with a financial or other interest that could be substantially affected by the outcome of the proceeding.

**20.   OTHER MATTERS**

The parties are currently unaware of other matters that may facilitate the just, speedy, and inexpensive resolution of this action.

Dated: June 21, 2012        HOGAN LOVELLS US LLP

By:   */s/ Maren J. Clouse*
         Maren J. Clouse

Attorneys for Plaintiffs
ORACLE CORPORATION
and ORACLE AMERICA, INC.

1  Dated: June 21, 2012                    FARNEY DANIELS LLP

2                                          By:  */s/ Steven R. Daniels*
                                                Steven R. Daniels
3
                                           800 South Austin Avenue, Suite 200
4                                          Georgetown, Texas 78626

5                                          Attorneys for Defendants
                                           ORG STRUCTURE INNOVATIONS LLC
6                                          and PAUL MORINVILLE

7

8       I, Maren J. Clouse, attest that Steven R. Daniels has read and approved this Joint Case Management Conference Statement Pursuant to Fed. R. Civ. P. 26(f) and consents to its filing in this action.

9